CAROL NEWTON,           )
                        )
    Plaintiff,          )
                        )
v.                      )
                        )
MICHAEL J. ASTRUE,      )   CASE NO. CV506-105
Commissioner of Social  )
Security,               )
                        )
    Defendant.          )
                        )

## O R D E R

Before the Court are Plaintiff Carol Newton's Complaint and the Magistrate Judge's Report and Recommendation ("R&R"), to which no objections have been filed. After a careful review of the record, the Court does not concur with the Magistrate Judge's R&R, which recommends that this Court reverse and remand this case to the Administrative Law Judge for further proceedings. Accordingly, the decision of the ALJ is **AFFIRMED**.

### BACKGROUND

Plaintiff was born on December 12, 1968 and completed the eleventh grade. She received her GED in 1998. Prior to her alleged disability, Plaintiff had been employed as a certified nurse's assistant, a deli worker, and a census survey clerk. Plaintiff and her three children live with Plaintiff's sister in Waycross, Georgia.

On December 23, 2003, Plaintiff filed an application for Social Security Income. On January 14, 2004, she filed an application for Disability Insurance Benefits, alleging that she became disabled beginning on October 8, 2001. Plaintiff's applications were denied both initially and upon reconsideration.

On April 26, 2006, Administrative Law Judge Donald B. Fishman ("the ALJ") held a hearing at which Plaintiff and a vocational expert testified. After the hearing, the ALJ found that Plaintiff was not suffering from a "disability" as defined by the Social Security Act, 42 U.S.C. § 301 et seq. ("the Act"). The Appeals Council denied Plaintiff's request for review of the ALJ's decision, and the decision of the ALJ became the final decision of the Commissioner of Social Security ("the Commissioner") for judicial review.

On December 6, 2006, Plaintiff filed a Complaint in this Court seeking judicial review of the unfavorable decision. The Magistrate Judge issued an R&R recommending that the Commissioner's decision be reversed and that the case be remanded to the ALJ for further proceedings. Neither party filed an objection.

# ANALYSIS

## I. Standard of Review

Judicial review of social security cases is limited to the question of whether the agency's factual findings are supported by "substantial evidence" and whether the Commissioner has applied the correct legal standards in reaching his decision. Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005); Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991). Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Walden v. Schweiker, 672 F.2d 835, 839 (11th Cir. 1982)(quoting NLRB v. Columbian Enameling and Stamping Co., 306 U.S. 292, 300, 59 S. Ct. 501, 83 L. Ed. 660 (1939)).

If a decision is supported by substantial evidence, a reviewing court must affirm the decision "even if the proof preponderates against it." Dyer, 395 F.3d at 1210 (quoting Phillips v. Barnhart, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004)). It must not reweigh the evidence or render its own decision on the facts. Id.

## II. ALJ's Findings

Pursuant to the Act, the Commissioner has established a five-step process to be used in determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920; Bowen v. Yuckert, 482 U.S. 137, 140, 107 S. Ct. 2287, 96 L. Ed. 2d 119 (1987). The

first step determines whether the claimant has engaged in "substantial gainful activity" during the relevant period. Id. If the claimant has not engaged in such activity, then the second determination is whether the claimant has a medically severe impairment or combination of impairments. Id. at 140-141. If the impairment is severe, the third inquiry is whether the claimant's impairment meets or equals one of the impairments listed in the Code of Federal Regulations and acknowledged by the Commissioner as sufficiently severe to prevent substantial gainful activity. 20 C.F.R. §§ 404.1520(d), 416.920(d); 20 C.F.R. Pt. 404, Subpt. P. App. 1; Phillips, 357 F.3d at 1238. If the impairment does not meet or equal a listed impairment, the fourth and fifth steps determine whether the impairment prevents the claimant from performing past relevant work or making adjustments to other work in the national economy, respectively. Phillips, 357 F.3d at 1238-39. These inquiries require the establishment of the claimant's residual functional capacity.

In following the five-step approach in this case, the ALJ found at step one that Plaintiff had not engaged in substantial gainful activity since November 2003. At step two, the ALJ found that Plaintiff suffered from the following "severe" impairments under the Act: possible seizure disorder, history of right shoulder injury status post out-patient acromioplasty,

4

degenerative disc disease of the cervical spine, and asthma exacerbated by continued smoking. At step three, the ALJ found that Plaintiff's impairments did not medically equal a listed impairment.

The ALJ found that Plaintiff has the following residual functional capacity:

> [S]he can frequently lift and carry ten pounds, and occasionally lift and carry twenty pounds. She can sit two hours at a time with a cumulative total of eight hours in an eight hour workday. She can stand and walk two hours at a time with a cumulative total of eight hours in an eight hour workday. She should avoid climbing ladders, ropes and scaffolds, and working at heights, around moving and dangerous equipment and concentrated fumes and airborne contaminants.

(R. at 25.) In determining Plaintiff's residual functional capacity, the ALJ relied upon the opinions of two of Plaintiff's treating physicians: Drs. Lyekins and Starling. Both physicians found that Plaintiff would have no trouble performing "light duty work." The ALJ relied upon these opinions pursuant to Social Security Ruling 96-2p. In further support of his determination, the ALJ explained that Plaintiff had been inconsistent and contradictory in her reports and that she had failed to fully cooperate with treating and examining sources. The ALJ therefore provided "explicit and adequate reasons" for discrediting the claimant's allegations of completely disabling

symptoms, as required by <u>Dyer v. Barnhart</u>, 395 F.3d 1206, 1210 (11th Cir. 2005).

In step four, the ALJ found that Plaintiff was capable of performing past relevant work as a census survey worker, where Plaintiff would be required to answer phones and input information into a computer. This work could be performed at a sedentary level. Because he found that Plaintiff's residual functional capacity would permit her to perform relevant past work, the ALJ found that Plaintiff was not "disabled" under the Act.

### III. Dr. Lynde's Report

Plaintiff argues that the ALJ erred in failing to credit the findings of a consultative neurologist, Dr. Robert Lynde, who Plaintiff states "found that [she] could only occasionally use her right hand dominant extremity for occasional reaching, handling, fingering, pushing, and pulling." (Pl.'s Br. at 4.) She argues that Dr. Lynde's report shows that she is unable to return to census survey clerical work. This work, as it was performed by her, required reaching, handling, and fingering for up to seven or eight hours per day. Plaintiff also contends that the limitations in her right extremity were corroborated by other physicians and that the ALJ lacked substantial evidence to discredit the limitations.

In his R&R, the Magistrate Judge found that the ALJ erred in failing to discuss two portions of the record: (1) Dr. Lynde's indication that Plaintiff is limited to only occasional handling, fingering, and feeling with the right extremity, and (2) Plaintiff's description of her past work as performed, which included seven out of eight hours per day writing, typing, and handling small objects. For the following reasons, the Court does not concur with the recommendations of the Magistrate Judge.

This Court has reviewed Dr. Lynde's report, in which he indicated that Plaintiff could lift up to ten pounds regularly and up to twenty pounds occasionally. (R. at 308.) He indicated that standing, sitting, and walking were not affected by Plaintiff's impairment. (R. at 308-09.) He indicated that Plaintiff could perform reaching, handling, fingering, and feeling tasks constantly with her left hand and up to one-third of the time with her right hand. (R. at 309.) This report is consistent with the ALJ's findings in this case – both regarding Plaintiff's residual functional capacity and her status as not disabled. But even if it were not, the ALJ's failure to credit or mention each of Dr. Lynde's findings does not mean his decision was based upon less than substantial evidence.

Plaintiff's argument that the ALJ failed to give sufficient weight to Dr. Lynde's opinion as a consultative neurologist is

without merit. An ALJ must consider all of the evidence and explain the reasons for the weight he gives it. In this case, the ALJ discussed Dr. Lynde's report in detail, and his decision was supported by other, substantial evidence. There is nothing requiring him to fully credit all of Dr. Lynde's findings.

Even if the ALJ's had erred in discrediting Dr. Lynde's finding that Plaintiff was limited in the use of her right extremity, such error would be harmless. The job of census survey clerk, as performed in the national economy, involves "frequent" reaching, handling, and fingering. "Frequent" is defined by the Dictionary of Occupational Titles as one-third to two-thirds of an eight hour workday. Dr. Lynde found that Plaintiff could "occasionally" perform reaching, handling, and fingering tasks with her right extremity. The term "occasionally" is defined on the form he completed as "up to 1/3 of [the] day." Dr. Lynde found no limitation in Plaintiff's left extremity.

Accordingly, even if the ALJ had fully credited Dr. Lynde's report, he would have found that Plaintiff had unimpaired functioning in her left extremity and the capacity to perform reaching, handling, and fingering tasks with the right extremity for up to one-third of the day. With the use of both extremities, Plaintiff could perform such tasks for one-third to two-thirds of the work day. Substantial evidence therefore

exists to support a determination that Plaintiff's residual functional capacity was consistent with a return to past relevant work as performed in the national economy. Any error would therefore have been harmless.

## CONCLUSION

Upon review of the record in this case, the Court finds that the ALJ's determination that Plaintiff could perform past relevant work as a census survey clerk was supported by substantial evidence. Accordingly, the decision of the Commissioner is **AFFIRMED**. The Clerk of Court is **DIRECTED** to **CLOSE** this case.

SO ORDERED this 5th day of March, 2008.

WILLIAM T. MOORE, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA